UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **KENNEDY OHENE AGYAPONG,** | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| **KEVIN TAYLOR**, 2557 Nicky Lane Alexandria, VA 22311 | District Judge: _____ |
| | Magistrate Judge: _____ |
| and, | |
| **LOUD SILENCE MEDIA LLC**, (SCC Entity ID: S7258322) 2557 Nicky Lane Alexandria, VA 22311 Reston VA 20191 | |
| | **TRIAL BY JURY DEMANDED** |
| Defendants. | |

**COMPLAINT**
**(Defamation, Defamation *Per Se*, and Violation of Virginia Computer Crimes Act)**

COMES NOW, Plaintiff, Mr. Kennedy Ohene Agyapong ("Plaintiff"), by and through his undersigned counsel, and moves this Honorable Court for judgment against Defendants, Mr. Kevin Taylor ("Mr. Taylor") and Loud Silence Media LLC ("LSM"; Mr. Taylor and LSM, collectively, "Defendant(s)"), on the grounds and praying for the relief hereinafter set forth:

**Nature of Action**

This action arises from the false and defamatory statements in a series of videos and an email correspondence published by Defendants via Facebook, YouTube, and other social media platforms about Plaintiff. Plaintiff is a Member of Parliament ("MP") of the Republic of Ghana,

1

reputed entrepreneur, philanthropist, and well-known businessman. With malice and reckless disregard, Defendants falsely ascribed Plaintiff on several occasions as a criminal. Defendants falsely stated that Plaintiff is a "murderer," "drug dealer"[1] and "drug addict," "thief," and green card fraudster[2]. These false and defamatory statements have caused severe harm to Plaintiff's personal, business, and political reputation. Plaintiff has also suffered severe embarrassment and personal humiliation due to Defendants' defamatory statements.

## The Parties

1. Plaintiff at all times relevant hereto has been an individual citizen and resident of the Republic of Ghana. Plaintiff is an elected MP of Ghana's Parliament and a five (5)-time elected MP to that effect. As an MP, Plaintiff is the Chair of the Parliamentary Committee of Security, Defense, and Intelligence. Plaintiff is also, by appointment by the President of Ghana, the Board Chair of Ghana Gas Company Limited.

2. Plaintiff is also a well-known entrepreneur and businessman who owns and operates businesses in Ghana and other countries, including the U.S., and transacts business with other businessmen and businesswomen from all over the world including the U.S., Asia, Middle East, Africa, and Europe. Many of Plaintiff's clients reside in the U.S.

3. Plaintiff is also a philanthropist whose generosity has impacted lives in Ghana and many other countries including the U.S.

4. Defendant, Mr. Taylor, at all times relevant hereto, is and has been a resident of the Commonwealth of Virginia and domiciled at 2557 Nicky Lane, Alexandria, VA 22311. Mr.

---

[1] A drug dealer as used here refers to a person in the business of using, trafficking, and selling illegal drugs, which may be a federal offense (a crime involving moral turpitude under U.S. drug laws) that is prosecuted under 21 U.S.C. § 841(a)(1).
[2] Green card fraudster is a federal offense (a crime involving moral turpitude under U.S. immigration laws) that is prosecuted under 18 U.S.C. § 1546.

Taylor is the founder of LSM. Mr. Taylor also operates and hosts a program on LSM via its YouTube Channel, '*Loud Silence TV*,' and Facebook Platform, '*With all due respect - Loud Silence Media*.' The latter show is streamed on many other platforms as well.

5. Defendant, LSM, at all times relevant hereto, is and has been a limited liability company organization in and under the laws of the Commonwealth of Virginia and having a principal place of business at 2557 Nicky Lane, Alexandria, VA 22311. Mr. Taylor serves as its organizer, manager, and registered agent, and shares the same address with LSM.

## Jurisdiction and Venue

6. This action arises under the laws of the Commonwealth of Virginia.

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as complete diversity exists. Plaintiff is a citizen of Ghana; Mr. Taylor is domiciled in Virginia; and LSM is a Virginia limited liability company transacting business in Virginia. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This Court has *in personam* jurisdiction over Mr. Taylor in this action pursuant to Fed. R. Civ. P. 4(k)(1)(A) and under Va. Code Ann. § 8.01-328.1(A)(1), (3), and (6), in that Mr. Taylor is domiciled or maintains his permanent address, and transacts business through LSM, in the Commonwealth of Virginia.

9. This Court has *in personam* jurisdiction over LSM in this action pursuant to Fed. R. Civ. P. 4(k)(1)(A) and under Va. Code Ann. § 8.01-328.1(A)(1), (3), and (6), in that LSM is Virginia limited liability company, maintains its principal office in Virginia, and transacts business in Virginia.

10. Venue is proper in the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C.A. § 1391(b)(1) and (2), and L. Civ. R. 3(B)(1) and (C), because a substantial part of the

events or omissions giving rise to the claims set forth in this Complaint occurred in this judicial District and in this division, Mr. Taylor is domiciled in this division of this District, and LSM has its principal office within this division of this District.

## Factual Background

11. Mr. Taylor identifies himself as a journalist. He is the host/presenter of a show entitled '*With All Due Respect*' which is streamed on LSM platforms on Facebook and YouTube. The show is also streamed on other media and social media platforms.

12. LSM identifies itself on its Facebook and YouTube platforms as a media outlet that brings "the latest in relevant culture, human interest, and entertainment stories live from the front lines in Ghana . . ." LSM is popular on YouTube and Facebook and has over forty-seven thousand (47,000) subscribers on YouTube and almost three hundred and forty thousand (340,000) followers on Facebook. Its shows are also streamed by other media and individual accounts on Facebook and YouTube.

13. Defendants allegedly pride themselves in providing their viewers and listeners with truth and claim to back their allegations with facts. On numerous occasions, Mr. Taylor has stated on LSM platforms that such platforms consist only of facts and truth.

14. For instance, on an episode on September 27, 2021, Defendants stated in part that, ". . . because I respect your opinion, I respect your intelligence that is why I come here with facts. I just don't come sit here blah blah blah and go . . ."

15. For almost three (3) years, Plaintiff has been the subject of Defendants' shows/programs, many times where Plaintiff has been subjected to unpalatable insults and denigrating, defamatory statements.

16. Since July 2021, Defendants have falsely stated via the LS platforms that Plaintiff is a criminal and have falsely attributed numerous crimes to Plaintiff including "murder," "drug dealer and drug addict," "immigration fraudster," and "theft."

17. For instance, on or about July 14, 2021, Defendants falsely published that Plaintiff is a murderer and murdered journalist[3]. They falsely stated of Plaintiff that: "this guy [Plaintiff] does not deserve to be in parliament. *He is a murderer*. Come to the states. *He is a prime suspect. He killed a journalist. He is a murderer.* He is a fool. He is unintelligent. This idiot, *this murderer… Kennedy is a criminal. Kennedy is a murderer.*" (https://www.youtube.com/watch?v=NnvccmG-y9M&t=2112s; timestamp, 33min to 43min).

18. Defendants falsely claimed in that same episode that Plaintiff connived and colluded with the President of Ghana to murder a journalist and a member of Parliament.

19. On or about August 30, 2021, Defendants repeated the false murder claims against Plaintiff stating that, ". . . these Ghanaians [referring to Ghanaians residing in Worcester] know what Kennedy Agyapong has done in Ghana, *the murder he has committed*. *He killed Ahmed Suale . . . the world knows he is the prime suspect in Ahmed Suale* . . . .they [referring to Ghanaians in Worcester] want to wash Kennedy Agyapong of *his criminality*." Defendants further reiterated their false accusations on that same episode stating that "I [Mr. Taylor] [shot] the mayor's office [Mayor of Worcester, Massachusetts] an email and when I sent that email I told the mayor that this is Kennedy Agyapong. This is the same person who is the *prime suspect of the death of Ahmed Suale* (a murdered journalist) . . . this is the *same man who is known for*

---

[3] A Ghanaian journalist, Ahmed Hussein Suale, was shot by unidentified men, killing him on the spot on January 16, 2019. The death of the journalist remains under investigation by law enforcement agencies and investigators. Till date no individual has been charged nor any complaint filed on the matter.

*trafficking drugs*." (https://www.youtube.com/watch?v=G1sEDJSE-Yk&t=2255s; timestamp, 1:05m to 1:16 min).

20. On or about September 27, 2021, Defendants continued to falsely accuse Plaintiff of murder and challenged Plaintiff to meet them in court. Defendants stated that Plaintiff should inform Plaintiff's lawyers that Defendants have accused Plaintiff of murdering an MP of the Republic of Ghana and a journalist, and Defendants are daring Plaintiff's lawyers to go to court.[4] (https://www.youtube.com/watch?v=_cwGusAgRP0&t=949s; timestamps, 15min to 30 min; 44min – 49min; 2:43min to 2:50min).

21. Defendants falsely described Plaintiff as a criminal on that same episode without any evidence that Plaintiff is a criminal when they stated that, "*Kennedy is one selfish arrogant criminal* Ghanaians made a mistake to elect as an MP . . .".

22. In other segments of Defendants' program, they falsely published that Plaintiff is a murderer and a drug dealer, and even suggesting a few times that Plaintiff is a drug addict and Plaintiff's source of wealth is the sale of illegal drugs. (See Paragraph 19).

23. For instance, in an episode aired on September 2, 2021, Defendants falsely stated in part that:

> ". . . today I will be breaking things down. Today I will be telling you the truth, I will be showing you facts so that at the end of the day the young people in Ghana every single individual watching me will know who to listen to. There are mad dogs in Ghana we should not pay attention to. I will be backing everything I say with facts . . . *this evening I will expose this drug addict, this murderer, Kennedy Agyapong to the world* for Ghanaians especially the young people to understand that when this mad dog sits on tv to make some statements do not believe anything he says."
>
> (https://www.youtube.com/watch?v=DMYE-3gOPIA&t=1742s; timestamps, 25min to 28min; 33 to 41min).

---

[4] The statement was made in Twi (a Ghanaian language). The tapes have been sent for translation to be given to this Court during this litigation.

24. On that same episode, Defendants falsely asserted that Plaintiff is a murderer and a drug addict when they stated, in pertinent part, that,

> ". . . who is on the table to be slaughtered today? It is Kennedy Ohene Agyapong. *A man who says he will actively use cocaine in his life*. A man who has made his mind that if you speak the truth as a youth like Ahmed Suale, *he will send his boys after you and if care is not taken you will lose your life* . . .this evening I will expose this man [Plaintiff] *this thief, this criminal*, this old braggart, this old bush fellow to Ghanaians young Ghanaians old and young to understand that this is the time to listen to intelligent Ghanaians and *not some old drug addicts* . . ."

25. In late September, Defendants also falsely stated of Plaintiff that, "as foolish as he [Plaintiff] is, he doesn't know what to do again. He has been here for a month but hasn't done anything . . . Kennedy has not worked anywhere to make any decent money . . . he *opened a whole pharmacy shop* [referring to Plaintiff's time in the US] . . . and *sold drugs in that pharmacy sho*p. . ." to establish that Plaintiff is drug dealer. They further falsely stated that Plaintiff has no better track record in Plaintiff's life regarding legitimate work. (https://www.youtube.com/watch?v=_cwGusAgRP0&t=949s; timestamps, 15min to 30 min; 44min – 49min; 2:43min to 2:50min).

26. On that same episode, Defendants continued to falsely accuse Plaintiff as being a criminal and a thief who engineer's his [Plaintiff] criminal activities via companies registered in Plaintiff's wife's name. Defendants falsely stated that "Kennedy before I end today's show. . .*I am going to prove to the world that you are a thief. You are criminal* . . . This is Kennedy Agyapong's wife [displaying a picture of lady on the show] . . . Stella . . .she engineers Kennedy's criminalities . . ."

27. Defendants further falsely accused Plaintiff and his wife of taking contracts from the Electricity Company of Ghana ("ECG") and not honoring those contracts on that same episode, stating that, "*we know for a fact that when he contracts to supply ECG with 50,000 pieces of*

7

*light he sometimes supplies only 300 pieces of light . . .sometimes he takes a $100 million contract and supplies just GHC 50,000 (about $10,000) worth of that contract . . . Kennedy I am going to expose the crimes (theft) you and your wife have committed . . .*"

28. In about two separate episodes of '*With All Due Respect*' in August and September 2021, Defendants falsely accused Plaintiff of being involved in immigration fraud asserting that he has helped many Ghanaians immigrate to the U.S. with a fake green card.

29. On or about September 3, 2021, Defendants in another episode of "*With All Due Respect*" falsely called Plaintiff a thief when Defendants stated that . . . "I will stop you, and I have started stopping you, *thief (in Twi), thief (in Twi)*." (https://www.youtube.com/watch?v=Zw-MaBveQr0&t=8944s; timestamp, 1:38 min).

30. Defendants till date continue to repeat these false and defamatory statements about Plaintiff on their social media platforms.

31. Other news outlets or platforms have also shared or republished Defendants' false statements.

32. As Defendants are aware, Plaintiff is not a murderer: Plaintiff has never been the prime suspect of any murder investigation, he has never been charged or been before any grand jury for murder, nor has he been convicted of murder in any jurisdiction.

33. As Defendants are aware, Plaintiff is not a "drug dealer:" Plaintiff has never been investigated for engaging in the business of illegal drugs, he has never been charged with engaging in illegal drugs, nor has he been convicted for engaging in illegal drugs in any jurisdiction.

34. As Defendants are aware, Plaintiff has not participated in immigration (green card) fraud. Plaintiff has never been investigated by the United States Center for Immigration Services

(USCIS) or any law enforcement for engaging in green card fraud, he has never been charged with green card fraud, nor has he been convicted for engaging in green card fraud in any jurisdiction.

35. As Defendants are aware, Plaintiff is not a thief. Plaintiff has never been investigated for engaging in theft, he has never been charged with engaging in theft, nor has he been convicted for engaging in theft in any jurisdiction.

36. Defendants' factual assertions to the contrary are false, offensive and damages the reputation of Plaintiff as an MP. Their false factual assertions are offensive and damages the reputation of Plaintiff as a reputed entrepreneur and businessman.

37. Defendants published the false statements about Plaintiff maliciously and without regard to the truth or falsity of the statements made. Defendants either knew the falsity of those statements or acted in reckless disregard of the truth and chose to peddle falsehood that Plaintiff is a murderer, "drug dealer," immigration fraudster, and a thief.

38. Defendants have defamed many other individuals (most of which are citizens or leaders of Ghana) and directly and financially benefited from defaming those individuals through revenue obtained via LSM YouTube and other social media platforms.

39. Plaintiff ardently believes in the freedom of speech and recognizes its importance in every society. However, Plaintiff also believes that freedom of speech does not provide a license to spread false and defamatory information about others knowing very well that the information is false.

/ /

/ /

/ /

## CAUSES OF ACTION

### COUNT I
### (*Defamation*)

40. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full.

41. Defendants defamed Plaintiff by publishing statements about Plaintiff that Plaintiff is a murderer, a "drug dealer," an immigration fraudster and a thief. The published statements are not only false but denigrating and defamatory both explicitly and by implication.

42. Defendants published these false statements with knowledge of their falsity or reckless disregard to their falsity. Defendants are aware that Plaintiff has not been a prime suspect, has not been charged, or has not been convicted of the stated crimes of murder, "drug dealer" (including use of drugs), immigration fraud, and a thief.

43. Defendants stated that Defendants are on a mission to destroy the reputation of Plaintiff in Ghana and in the US, and that Defendants will do anything in their power to make sure any event Plaintiff is a part of will not be successful or would not materialize in the U.S.

44. Defendants published the defamatory statements with the intent of harming Plaintiff's reputation (political and business) and with malice, both in law and in fact.

45. Defendants' statements are defamatory and thus, constitutes defamation from which Plaintiff has suffered and will continue to suffer injury in fact, including loss to his good will and reputation as a politician, philanthropist, and businessman. Plaintiff's business has severely been affected as he has lost contracts in the amount of around $18 million and business associations due to Defendants' false statements.

46. The law of defamation historically protects an individual's basic right to personal security in their uninterrupted entitlement to enjoyment of their reputation.

47. Society has a pervasive and strong interest in preventing and redressing attacks upon reputation.

48. These false statements which were published and continue to be on YouTube and Facebook, among other platforms and republished to third party websites and platforms, will continue to irreparably harm Plaintiff's reputation and impact his businesses and political prospects unless this Court orders Defendants to retract these publications.

49. As a direct, foreseeable, and proximate of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

50. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss contracts, loss of income, a loss to his reputation, loss of business relationships, implications in his political affiliation, loss of career path opportunities, and expenses, in an amount to be proven at trial.

51. The aforementioned acts of Defendants were willful, wanton, malicious, and intentional, and also justify the awarding of punitive damages to Plaintiff in the amount of $350,000.00 pursuant to Va. Code § 8.01-38.1.

/ /

/ /

/ /

## **COUNT II**
## **(Defamation *Per Se*)**

52. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full.

53. Defendants defamed Plaintiff (both in libel and slander) by falsely publishing that Plaintiff is a murderer, drug dealer, immigration fraudster and thief. These statements are not only false but defamatory, explicitly and by implication.

54. Defendants' false publications against Plaintiff identifying him as a murderer, drug dealer (illegal drug offense), immigration fraudster, and thief are all criminally related, imputing the commission of crimes involving moral turpitude, and thus, are defamatory *per se*.

55. Defendants' false publications against Plaintiff in his capacity as an MP impute Plaintiff's unfitness to perform his duties as an MP and want of integrity in the discharge of his duties, and thus, are defamatory *per se*.

56. Defendants' false publications against Plaintiff as to his profession and trade have and continue to severely prejudice Plaintiff, evidenced by the fact that he has lost around $18 million in contracts as a result of Defendants' false publications, and thus, are defamatory *per se*.

57. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss contracts, loss of income, a loss to his reputation, loss of business relationships, implications in his political affiliation, loss of career path opportunities, and expenses, in an amount to be proven at trial.

58. The aforementioned acts of Defendants were willful, wanton, malicious, and intentional, and also justify the awarding of punitive damages to Plaintiff in the amount of $350,000.00 pursuant to Va. Code § 8.01-38.1.

## COUNT III
## (Violation of Virginia Computer Crime's Act)
## (In Violation of Virginia Code § 18.2-152.7:1)

59. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full.

60. Virginia Code § 18.2-152.7:1 (Harassment by computer) makes it a crime for any person, with the intent to coerce, intimidate, or harass any person, to use a computer or computer network to communicate obscene, vulgar, profane, lewd, lascivious, or indecent language, or make any suggestion or proposal of an obscene nature, or threaten any illegal or immoral act.

61. Defendants have repeatedly used a computer to post online the false publications described above in an effort to continuously harass Plaintiff.

62. Pursuant to Virginia Code § 18.2-152.12, as a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss contracts, loss of income, a loss to his reputation, loss of business relationships, implications in his political affiliation, loss of career path opportunities, and expenses, in an amount to be proven at trial.

63. The aforementioned acts of Defendants were willful, wanton, malicious, and intentional, and also justify the awarding of punitive damages to Plaintiff in the amount of $350,000.00 pursuant to Va. Code § 8.01-38.1.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff Kennedy Agyapong respectfully requests that this Court grant the following relief:

a. Injunctive relief prohibiting Defendants, and each of them, from posting on any media outlet any further defamatory remarks, per se or otherwise;

b. An apology from Defendants' via and through the same channels Defendants used to defame Plaintiff including LSM social media platforms and email correspondence sent to individuals, including the mayor of Worcester.

c. Compensatory damages, including economic and non-economic damages of at least $9,500,000.000.

d. Punitive damages in the amount of $350,000.00 pursuant to Va. Code § 8.01-38.1;

e. Attorneys' fees, or consideration of such fees in determining punitive damages, costs, of this action and disbursements, to the extent permitted by law;

f. Pre- and post-judgment interest; and

g. Such other or further relief as the court deems just.

## DEMAND FOR JURY TRIAL

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury of the within action, including the complaint, and any further pleadings.

Date: October 29, 2021　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　Kennedy Ohene Agyapong (By Counsel),

　　　　　　　　　　　　　　　　　　By: /s/   Robert Powers
　　　　　　　　　　　　　　　　　　Robert Powers, Esq. (VSB No. 80822)
　　　　　　　　　　　　　　　　　　Steven Anderson, Esq. (VSB No. 93037)
　　　　　　　　　　　　　　　　　　MCCLANAHAN POWERS, PLLC
　　　　　　　　　　　　　　　　　　3160 Fairview Park Drive, Suite 410
　　　　　　　　　　　　　　　　　　Falls Church, VA 22042
　　　　　　　　　　　　　　　　　　Telephone: (703) 520-1326
　　　　　　　　　　　　　　　　　　Facsimile:  (703) 828-0205
　　　　　　　　　　　　　　　　　　Email: rpowers@mcplegal.com
　　　　　　　　　　　　　　　　　　　　　　 sanderson@mcplegal.com
　　　　　　　　　　　　　　　　　　　　　　 dmurphy@mcplegal.com

Christian Kwabena Ansah, Esq.
(*Pro Hac Vice* Application Forthcoming)
THE ANSAH LAW FIRM
40 Wall Street, 28th Floor
NYC, NY 10005
Telephone: (908) 265-1262
Facsimile: (908) 292-1145
Email: ckansahlaw@gmail.com
*Counsel for Plaintiff*

### CERTIFICATE OF TRANSMISSION

    I hereby certify that the forgoing COMPLAINT is being electronically transmitted on the date noted below via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to an American Express credit card concurrently with this filing.

Date: October 29, 2021                  By: /s/   Robert Powers_____
                                                         Robert Powers, Esq.
                                                         One of the Attorneys for Plaintiff